B27 (Official Form27) (12/09)

# United States Bankruptcy Court
## District Of CALIFORNIA SAN JOSE

In re Steve Villarreal
    Debtor

\                Case No. 10-54075
          Chapter __7__

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name:__ Wells Fargo Financial California Inc.

2. Amount of the debt subject to this reaffirmation agreement:
    $16,284.33 on the date of bankruptcy    $11,900.00 to be paid under reaffirmation agreement

3. Annual percentage rate of interest:    16.99% prior to bankruptcy
    8.00% under reaffirmation agreement ( _X_ Fixed Rate ____ Adjustable Rate)

4. Repayment terms (if fixed rate): $320.00 per month for 43 months

5.    Collateral, if any, securing the debt: Current market value: $11,900.00
    Description: 04 FORD F150 STYLESIDE VIN 1FTPX12544NC37270

6. Does the creditor assert that the debt is non-dischargeable? ___Yes _X_ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is non-dischargeable.)

Debtor's Schedule I and J Entries

7A. Total monthly income from $ 3333
    Schedule I, line 16

8A. Total monthly expenses    $2276
    from Schedule J, line 18

9A. Total monthly payments on $ Ø
    reaffirmed debts not listed on
    Schedule J

Debtor's Income and Expenses
as Stated on Reaffirmation Agreement

7B. Monthly income from all    $3333
    sources after payroll deductions

8B. Monthly expenses    $ 3276

9B. Total monthly payments on S Ø
    reaffirmed debts not included in
    monthly expenses

10B. Net monthly income    $ 57.00
    (Subtract sum of lines 8B and 9B from
    line 7B. If total is less than zero, put the
    number in brackets.)

11. Explain with specificity any difference between the income amounts (7A and 7B):

_____

_____

_____

12. Explain with specificity any difference between the expense amounts (8A and 8B):

_____

_____

_____

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

X _Steven Gatherole_____                    _____
Signature of Debtor (only required if                    →Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                               required if line 11 or 12 is completed)

Other Information

☐  Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____

_____

_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
_____Yes _X_No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?

_____Yes _____No

## FILER'S CERTIFICATION**

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_Judith Hill_____
Signature

_JUDITH HILL-DOCUMENT FILER_
Print/Type Name & Signer's Relation to Case

** The Creditor completed Questions 1 – 6 on this form. The Debtor(s) completed the remaining questions on this form. By signing this form, the Filer is only certifying: (1) that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties; and (2) the information in Questions 1 – 6. The Filer is not certifying the accuracy of any information supplied by the Debtor(s).

Form B240A/B ALT - Reaffirmation Agreement (04/10)

☐ Presumption of Undue Hardship
☐ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement
in Support of Reaffirmation Agreement.)

## UNITED STATES BANKRUPTCY COURT
### District of CALIFORNIA SAN JOSE

In re Steve Villarreal
    Debtor

Case No. 10-54075
Chapter ___7___

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and
Notice to Debtor (pages 1 - 5)

☒ Part B: Reaffirmation Agreement

☐ Part C: Certification by Debtor's Attorney

☒ Part D: Debtor's Statement in
Support of Reaffirmation Agreement

☒ Part E: Motion for Court Approval

*[Note: Complete Part E only if debtor was not represented by an attorney during
the course of negotiating this agreement. Note also: If you complete Part E, you must
prepare and file Form 240B - Order on Reaffirmation Agreement.]*

**Name of Creditor:**_ Wells Fargo Financial California  Inc.

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the
Federal Reserve Act

### PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

#### 1.   DISCLOSURE STATEMENT

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

#### SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

#### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm:      $11,900.00

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have
accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional
amounts which may come due after the date of this disclosure. Consult your credit agreement.*

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

~~a.   If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.~~

~~(i)   The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.~~

~~And/Or~~

~~(ii)   The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%.   If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:~~



~~$ _____ @ _____%;~~
~~$ _____ @ _____%;~~
~~$ _____ @ _____%.~~

b.   If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i)   The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: <u>16.99%</u>.

— And/Or —

(ii)   The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: <u>8.00%</u>.   If different simple interest rates apply to different balances included in the amount reaffirmed,

the amount of each balance and the rate applicable to it are: $

_____ @ _____%;
$_____ @ _____%;
$_____ @ _____%.

c.   If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d.   If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 04 FORD F150 STYLESIDE | $19,679.00 |
| VIN: 1FTPX12544NC37270 | |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

~~Your first payment in the amount of $_____ is due on _____(date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.~~

—*Or*—

~~Your payment schedule will be: _____(number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____(day) of each _____( week, month, etc.), unless altered later by mutual agreement in writing.~~

—*Or*—

Your payment schedule will be 43   payments in monthly installments of $320.00 commencing on 06/13/2010 and continuing on the same day of each succeeding month.

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

Form B240A/B ALT - Reaffirmation Agreement (Cont.)  *5*

# YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

### Frequently Asked Questions:

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

NOTE: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:
   Contract Type: Installment Contract; Contract Date: 08/29/2008; Account No.: 7911
   Original Credit Term: 61; Original APR: 16.99%; Original Monthly Payment: $492.33
   Original Amount Financed: $19,679.00

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

   **This reaffirmation reduces: the balance from $16,284.33 to $11,900.00, the interest rate from 16.99% to 8.00%, and the monthly payment from $492.33 to $320.00 effective 04/21/2010.**

SIGNATURE(S):

Borrower:

*Steven Villareal*

(Print Name)

*Steven Villarreal*

(Signature)

Date: 5-26-10

Co-borrower, if also reaffirming these debts:

_____

(Print Name)

_____

(Signature)

Date: _____

Accepted by creditor:

Wells Fargo Financial California Inc.

(Printed Name of Creditor)

13675 Technology Drive, Bldg. C, 2nd Floor
Eden Prairie, MN 55344-2252

(Address of Creditor)

(Signature)

MATT GERUE, Bankruptcy Specialist

(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance:

5/26/10

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

☐ I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _____

Signature of Debtor's Attorney: _____

Date: _____

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 3 3 3 6 , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 5061 , leaving $ 272 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____
_____

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: *Steven Villarreal*
(Debtor)

(Joint Debtor, if any) _____
Date: 5 - 26 - 10

— Or —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
(Debtor)

(Joint Debtor, if any) _____
Date: _____

Form B240A/B ALT - **Reaffirmation Agreement (Cont.)** 9

## PART E: MOTION FOR COURT APPROVAL
*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: *Steven Villarreal*
(Debtor)

_____
(Joint Debtor, if any)

Date: 5-26-10

# NOTE AND SECURITY AGREEMENT

**IDENTIFICATION OF PARTIES.** In this Note and Security Agreement ("Agreement" or "Loan Agreement"), the words **"you"** and **"your"** mean each Borrower who signs this Agreement; the words **"we," "us,"** and **"our"** mean the Lender and its successors and assigns; and the word **"Owner"** means someone other than a Borrower who has an ownership interest in the Collateral (defined on page 2) and signs the Third Party Collateral Agreement on page 2.

**ADDITIONAL TERMS.** The Additional Terms that follow this page are a part of this Agreement and they bind you in the same manner as if they were printed in the first part of this Agreement.

YOUR ACCOUNT IS PAYABLE TO THE LENDER SHOWN BELOW:

Wells Fargo Financial California, Inc.
5045 Almaden Expressway

# ORIGINAL

San Jose     CA     95118

Date of Loan    08/29/2008       Account Number

| Borrower (Name and Address) | Borrower (Name and Address) | Borrower (Name and Address) | Borrower (Name and Address) |
|---|---|---|---|
| STEVE<br>VILLARREAL | | | |

## FEDERAL TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE: the cost of your credit as a yearly rate. | FINANCE CHARGE: the dollar amount the credit will cost you. | Amount Financed: the amount of credit provided to you or on your behalf. | Total of Payments: the amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 16.99% | $ 9960.80 | $ 19679.00 | $ 29539.80 |

Your Payment Schedule Will Be As Follows:

| Number of Payments | Amount of Payments | Payments are Due Monthly beginning: 10/13/2008 | Final Payment Due: 09/13/2013 |
|---|---|---|---|
| 60 | $ 492.33 | and on the same day each month thereafter. | |

**Late Charge:** If any part of a payment is more than 10 days late, you will be charged a late charge equal to 5% of the full payment.

**Prepayment:** If you pay off this loan early, you will: (a) not have to pay a prepayment penalty, and (b) not be entitled to a refund of part of the prepaid finance charge.

**Security:** You are giving us a security interest in the motor vehicle described on Page 2 of this Agreement.

☐ **Other Property:** _____

Additional Information: You can see the rest of this Agreement for more information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

### ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| $ 0.00 | Prepaid Finance Charge |
| $ 19679.00 | Amount Financed (Sum of amounts shown below) |
| $ 0.00 | Amount Paid on Your Accounts |
| $ 0.00 | NA |
| $ 0.00 | NA |
| $ 3825.46 | Amount Paid to You Directly |

AMOUNTS PAID TO OTHERS ON YOUR BEHALF

| | |
|---|---|
| $ 15.00 | To Public Officials for Recording Fees |
| $ 3896.00 | To TARGET NB |
| $ 10819.54 | To FORD MOTOR CREDIT |
| $ 1123.00 | To AMERICAN GENERAL |

☐ When this box is checked, itemization is continued on attached addendum.
*We may be retaining a portion of this amount.

### Other Transaction Information:

| | |
|---|---|
| $ 19679.00 | Principal Amount of the Loan ( the Amount Financed plus any Prepaid Finance Charge) |
| 16.99 % | Agreed Rate of Charge Per Year |
| $ 0.00 | Prepaid Finance Charge (also called an Origination Fee) |

Closed By: _____

**NOTICE TO CONSUMER: THIS IS A CONSUMER CREDIT TRANSACTION**

You understand that:
- You should not sign this Agreement before you read the writing on all pages, even if otherwise advised.
- You should not sign it if it contains any blank spaces.
- You are entitled to an exact copy of this and any other agreement that you sign.
- This Agreement is the entire agreement between you and us relating to this account. Any change to this Agreement must be in writing and signed by both you and us.

**REVIEW OF COLLATERAL DESCRIPTION:** By signing below you agree that you have reviewed the description of the property in which you are giving a security interest.

**NOTICE REGARDING THE TRANSLATION INTO SPANISH:** The English document is the legal document and reflects the parties' rights and obligations. The translation into Spanish of the document is provided for the convenience of the Borrower.

**SIGNATURES.** If you agree to be bound by the terms of this Agreement, please sign your name below. All persons signing this Agreement will be fully responsible for payment in full. By signing below, you are authorizing disbursement of the loan proceeds as shown above in the "Itemization of Amount Financed" box. You acknowledge receiving a completely filled-in Agreement.

**YOU ACKNOWLEDGE THE EXISTENCE OF A SEPARATE ARBITRATION AGREEMENT SIGNED CONCURRENTLY WITH THIS AGREEMENT, AND YOU SPECIFICALLY AGREE TO BE BOUND BY ITS TERMS.**

| _Steven Villarreal_ | SIGN HERE | | SIGN HERE |
|---|---|---|---|
| | SIGN HERE | | SIGN HERE |

Case: 10-54075    Doc# 7    Filed: 05/26/10    Entered: 05/26/10 13:58:05    Page 12 of 16

# ADDITIONAL TERMS

**YOUR PROMISE TO PAY AND THE TERMS OF REPAYMENT.** To repay your loan, you promise to pay us the Principal Amount of Loan together with interest at the Agreed Rate of Charge Per Year both as shown on page 1. You will pay this sum to us in United States currency at the payment address shown on your billing statement (or such other location specified by us from time to time) in installments each month according to the Payment Schedule shown on page 1. Payments received at a location other than the payment address on your billing statement may have a delay in processing. You may prepay your loan at any time prior to maturity without penalty. If you make a partial prepayment, there will not be any change in the amount of your monthly payment or delays in due dates of those payments unless we have agreed to such changes in writing. Any Prepaid Finance Charge (Origination Fee) is withheld from the proceeds of your loan, is fully earned on the date of your loan, and must be paid in full to satisfy this Agreement. You also promised to pay any insurance premiums added to your balance in accordance with the Insurance on Collateral Section on page 3 of this Agreement.

**INTEREST-BEARING LOAN.** This is an interest-bearing loan. Except as limited by law, the interest on your loan is calculated each day based upon the principal balance of the loan outstanding from time to time, using the Agreed Rate of Charge Per Year shown on page 1, until paid in full. Interest accrues on the basis of actual days elapsed and a 365/366-day year. Payments will be applied first to any outstanding fees, then to accrued interest, and then to the principal balance. Accruing interest every day will affect the total amount of interest you pay under this Agreement and the corresponding Finance Charge – your Finance Charge will be less if you pay early and more if you pay late. Any necessary adjustments to the Total of Payments will be reflected in your final payment. The Agreed Rate of Charge Per Year continues after a default until your loan is paid in full.

**RIGHT TO PREPAY LOAN.** You can prepay your loan at any time. Any Origination Fee is fully earned on the date of your loan and is not subject to refund.

**YOU GRANT US A SECURITY INTEREST.** You give us a security interest in your property described below. This property is called "Collateral." You also give us a security interest in any accessions to and proceeds of the Collateral. Accessions are goods installed in or attached to the Collateral. Proceeds are money or property due to you from the loss, destruction or sale of the Collateral. You also give us a security interest in all Proceeds or refunds related to any insurance or service contract we finance for you. The purpose of this security interest is to protect us if you don't repay your loan, including any refinance, extension, or renewal of your loan, or if you break any promise made in this Agreement.

## THE SECTION BELOW DESCRIBES THE COLLATERAL COVERED BY THIS AGREEMENT:

[X] Motor vehicle(s) described as follows:

| Year | Make | Model | Serial Number |
|---|---|---|---|
| 2004 | FORD | F150 | 1FTPX12544NC37270 |

[ ] Other property:

### THIRD PARTY COLLATERAL AGREEMENT

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Owner hereby grants us a security interest in the Collateral to secure your performance under the Loan Agreement. Owner acknowledges that it has the same obligations and makes the same representations under the Loan Agreement as you with respect to the Collateral. For example, Owner has the duty to keep the Collateral insured, to provide us with evidence of insurance upon request, and to cause us to be named a loss payee on Owner's insurance policy. Also, Owner represents that Owner owns the Collateral or a part of it and that no one else, other than you, has any interest in or claim against the Collateral that has not been disclosed to us in writing. Owner assumes no personal responsibility for the payment of any amounts owed under the Loan Agreement. Owner agrees that we may, without releasing Owner from this Third Party Collateral Agreement and without notice or consent from Owner, extend additional credit to you or enter into an agreement with you to modify, extend, or waive the terms of the Loan Agreement.

| Owner Name and Address | | Owner Name and Address | |
|---|---|---|---|
| N/A | | N/A | |
| N/A | SIGN HERE | N/A | SIGN HERE |

**LATE CHARGE.** If any part of a payment is more than 10 days late, you will be charged a late charge equal to 5% of the full payment. No late charge will be assessed for a payment if a delinquency is caused only by previously incurred late charges that have not been paid and you have otherwise made a timely monthly payment of the principal, interest and all other charges currently due. Notwithstanding this, however, we may continue to report your account to credit reporting agencies as past due until such time as your payment of all amounts owed (including late charges, CPI [defined on page 3] premiums and other charges) is current.

**RETURNED CHECKS.** If a payment on this loan is made with a check, negotiable order of withdrawal, or share draft that is dishonored for any reason (except an error by us), you agree to pay us a $ 15 charge. We reserve the right to refuse to accept personal checks for payment on your account and to require payment by cashier's check, money order or other form of guaranteed funds.

**DEFAULT.** Subject to limitations under state or federal law, including but not limited to Finance Lender Law Regulation 1448 and Finance Code Section 22329, you are in Default on this Agreement ("Default") if: 1) you don't make the full amount of a required payment when due; 2) you break any promise or condition in this Agreement or in any other security instrument that secures the payment of this Agreement; 3) you provide us with false, misleading or materially incomplete information in connection with your loan application or on any document provided to us; or 4) an Owner breaks a promise or condition of the Third Party Collateral Agreement.

## THE REMAINDER OF THE PAGE IS INTENTIONALLY LEFT BLANK.

CA-3641/3641S-0906

## ADDITIONAL TERMS, Continued

**REMEDIES FOR DEFAULT.** If you are in Default, you agree that upon proper notice and subject to limitations under applicable law and regulation (including Finance Lender Law Regulation 1448) we can: a) require you to pay the remaining balance of this Agreement in full immediately; b) use any remedies available to us by law or this Agreement; c) make a claim for any insurance benefits or premium refunds that may be available as a result of your Default; or d) without first obtaining court approval, take possession of the Collateral wherever it may be found. We may keep the Collateral in full satisfaction of what you owe or sell the Collateral in a commercially reasonable manner. The money that we get from the sale (after paying our costs, including reasonable costs of repair) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference, unless limited by law. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else, such as a junior lienholder.

**COMMUNITY PROPERTY.** Applicants who are married or who are registered domestic partners may apply for a separate account. If you sign this Agreement and are married or are a registered domestic partner, you agree that both your separate and community property will be liable for the unpaid balance due on this Agreement.

**COLLECTION COSTS.** If you are in Default and except as limited by law, you agree to pay all court and other collection costs that are incured by us and related to your Default, including reasonable attorney's fees.

**CREDIT INFORMATION** We may reexamine and reevaluate your creditworthiness at any time. To do so we may ask you for additional information, obtain your credit bureau report, contact your employer and/or otherwise verify your current credit standing. You agree to submit current financial information to us if we request it.

**ACCORD AND SATISFACTION AND IRREGULAR PAYMENTS.** We may accept late payments, partial payments, post-dated checks, or any form of payment containing a restrictive endorsement, without losing any of our rights under this Agreement. Our acceptance of checks or money orders labeled "payment in full", or words to that effect will not constitute an accord and satisfaction nor a waiver of any rights we have to receive full payment. If you intend to pay your loan in full with an amount less than the total balance we determine is owing on your loan, payment must be sent to Wells Fargo Financial Exception Items, P.O. Box 500, Chester, PA 19016 and not to the payment address indicated on your statement or payment voucher. Please note that such payments will not discharge your full debt if sent to the statement or voucher address and will do so if sent to our accord and satisfaction address only if we agree to accept your payment as such.

**YOU MUST PROTECT THE COLLATERAL.** Unless the Owner is the only person who owns the Collateral, you represent that you own the Collateral or a part of it and that no one else, other than the Owner, has any interest in or claim against the Collateral that has not been disclosed to us in writing. Unless you have our written consent, you promise: 1) not to sell, lease or give the Collateral to anyone else; 2) to keep the Collateral free from claims of others, whether or not justified (for example, forfeiture or seizure for alleged illegal acts; taxes; towing, storage or repair liens; fines; and security interests); 3) to keep the Collateral in good repair and keep it in your possession at your address indicated on page 1 of this Agreement; 4) not to take the Collateral outside the United States for more than 30 days; 5) to operate the Collateral in accord with all applicable statutes, rules and regulations; and 6) to use the Collateral only for personal, family or household purposes. If you fail to keep the Collateral free from claims of others or fail to keep the Collateral in good repair as required under this section, we may pay the claims or pay the cost to repair the Collateral (but we are not required to). When we ask you to, you will pay us the cost of any claims or repairs that we pay.

---

### INSURANCE ON COLLATERAL

**YOU MUST KEEP THE COLLATERAL INSURED.** You will keep the Collateral insured against physical damage and loss until you pay this loan in full to the extent permitted by the California Finance Lenders Law. Collision and comprehensive or all-risk insurance would satisfy this requirement. You may buy the insurance from anyone you want, but the insurance company, the amount of insurance and the deductible, which may never exceed $1,000 unless we agree otherwise, must be acceptable to us. The policy shall name us as a secured party, provide for payment to us in case of loss and require written notice to us at least 10 days before cancellation or changes to coverage. You will give us a copy of the policy or give us other proof of the required insurance acceptable to us. Insurance coverage greater than the value of the Collateral will not be required. Insurance coverage will also not be required if sufficient insurance to protect us is already in force. Insurance coverage will not be required if the unpaid Amount Financed (excluding any insurance premium) is less than $500; or if the value of the Collateral is less than $500; or if the annual insurance premium is more than one-third of the Amount Financed of your loan (excluding any insurance premium) or more than one-third of the value of the motor vehicle.

**COLLATERAL PROTECTION INSURANCE.** If you fail to keep the Collateral insured as required or fail to give us proof of the required insurance acceptable to us, we may, but we are not required to, buy Collateral Protection Insurance ("CPI") to protect our interest in the Collateral. The CPI may, but need not, also protect your interest. If you have not given us proof that the required insurance was in force as of the date of this loan, the effective date of the CPI can be as early as the date of this loan, even if the certificate of insurance for the CPI is not issued until later. If you have given us proof that the required insurance was effective as of the date of this loan, the effective date of the CPI can be as early as the date the required insurance expired or was cancelled, even if the certificate of insurance for the CPI is not issued until later.

**PAYMENT FOR CPI.** You are responsible for the cost of any CPI purchased by us. If we buy CPI, we may add the premium for the CPI to the unpaid balance of your loan and increase your monthly payment to pay the premium during the remaining term of the CPI; or we may require you to pay the full premium for the CPI immediately.

**CANCELLATION OF CPI.** If we buy CPI, you may still obtain the required insurance from the insurance company or agent of your choice. If you do this and give us proof of the required insurance acceptable to us, we will cancel the CPI as of the effective date of the insurance you obtain. If your account is paid off while the CPI is in effect, we will cancel the CPI as of the date your account is paid off. If we cancel the CPI, we will credit any refund of unearned insurance premium to your account. You will remain obligated to pay any earned insurance premium.

**IT IS BETTER FOR YOU TO GET YOUR OWN INSURANCE.** If we buy CPI, it will probably be more expensive and provide less insurance protection than insurance you could obtain from the insurance company or agent of your choice. The amount the CPI will pay may be less than the unpaid balance of your loan and may be less than the full value of the Collateral. We urge you to contact an insurance agent to assist you in evaluating your own insurance needs and to advise you whether other, less expensive, insurance is available.

**LIABILITY INSURANCE COVERAGE.** Liability insurance coverage for bodily injury and property damage caused to others is not included in any CPI coverage we may obtain under this Agreement.

---

## ADDITIONAL TERMS, Continued

**REPAIR OR REPLACEMENT OF COLLATERAL.** If any Collateral is damaged or lost, you will notify us immediately of the loss or damage. You will instruct any insurance company and anyone else liable for the damage or loss to pay any money as a result of the damage or loss (including but not limited to, insurance proceeds) to you and us jointly. Upon receipt, you agree to endorse any such payments and deliver them to us for collection. We may, at our option, either agree to use such payments for the repair or replacement of the Collateral or apply these payments to your debt under this Agreement. If we agree to use such funds for repair or replacement of the Collateral, we may release such funds to you or may hold such funds for payment directly to the vendor providing such services or selling the replacement collateral upon our satisfaction with such repair or replacement. You agree that we won't release any amount to you if you are in Default under this Agreement. If any amount is released to you, you agree that you must repair or replace the Collateral to our satisfaction and must sign any documents or do whatever else is necessary to give us a security interest in the repaired or replaced Collateral. You agree to repair or replace the property promptly.

**WAIVER AND DELAY IN ENFORCEMENT.** No failure or delay to exercise any right or remedy under this Agreement shall be a waiver of our right to exercise such right or remedy in the future. We do not have to give you notice of any waiver, delay or release. Unless applicable law provides otherwise, we may use our other legal remedies against you before we take possession of any Collateral. You will not be released from your obligations under this loan if we exchange or release any Collateral.

**WAIVER OF CONFIDENTIALITY.** You waive your right under Section 1808.21 of the California Vehicle Code to the confidentiality of your residence address in the records of the Department of Motor Vehicles, and you authorize us to request your residence address from the Department of Motor Vehicles if required by us in enforcing your loan.

**COMMUNICATION WITH YOU.** You agree that, from time to time, we may monitor and record telephone calls regarding your account to assure the quality of our service. You also agree, in order for us to service the account or to collect any amounts you may owe, that we may from time to time make calls and send text messages to you, using prerecorded/artificial voice messages and/or through the use of an automatic dialing device, at any telephone number associated with your account, including mobile telephone numbers that could result in charges to you.

**ADDITIONAL SIGNERS.** If there is more than one Borrower on this Agreement, each of you remain responsible for this loan even if we fail to notify you that there has been a Default. A Default by one of you will be a Default by all of you. You also agree to remain responsible if we change the terms of payment or release any Collateral without notifying you. If we release any of you from the loan, the rest of you will not be released. We do not have to use our legal remedies against any one of you before we use our legal remedies against any of the rest of you. An Owner has no personal responsibility for the payment of any amounts owed under this Agreement. If any Borrower or Owner dies or is discharged from liability under the United States Bankruptcy Code or similar law, you will still be liable for this loan. A court decree for divorce or separation or a non-court mutual agreement does not affect our ability to enforce this Agreement or collect the outstanding amount owing against all jointly liable parties if we were not a party to the decree or agreement.

**STATE LAW.** The laws of _____ California _____ govern this loan and Agreement. This loan is made under the California Finance Lenders Law, Division 9 (commencing with Section 22000) of the Finance Code.

**PURPOSE OF LOAN. You agree that this loan was obtained primarily for personal, family or household purposes.**

**INFORMATION REPORTED TO CREDIT BUREAUS.** If you believe we have reported incorrect information about your account to a credit bureau, you may notify us by writing to us at Wells Fargo Financial, Wharf at Rivertown, 2501 Seaport Drive, Suite 300, Chester, PA 19013-1510, Attention: Customer Service Support. Please include your account number and a description of the information that is incorrect.

---

☐ If this box is checked, the Amount Financed on Page 1 of this Agreement is $25,000 or less, and the goods purchased with this loan will be used for personal, family or household purposes, the following Notice applies:

NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

---

Internal Use Only

Control Number:

CA-3841/3841S-0906

SECTIONS A-J MUST BE COMPLETED IN FULL    PRINT IN CAPITAL LETTERS – USE BLACK OR BLUE INK

**NOTICE OF TRANSFER AND RELEASE OF LIABILITY**

MAIL THIS FORM TO DMV

DMV MICROGRAPHICS USE ONLY

A NEW OWNER'S LAST NAME (OR) COMPANY NAME    FIRST

B NEW OWNER'S ADDRESS    APT NUMBER    C ODOMETER READING (NO TENTHS)

D CITY    STATE    ZIP CODE    E DATE OF SALE OR LEASE RETURN  MO  DAY  YR

F SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME    FIRST    G SELLING PRICE (NO CENTS)  WHOLE DOLLARS

H SELLER'S OR LESSEE'S ADDRESS    APT NUMBER    I SELLER'S OR LESSEE'S SIGNATURE

X

J CITY    STATE    ZIP CODE

VEHICLE ID NUMBER    YR MODEL  MAKE    PLATE NUMBER

1FTPX12544NC37270    2004 FORD    7S73315

REG 138A (REV. 8/2007)

---

**STATE OF CALIFORNIA**

**CERTIFICATE OF TITLE**

51808092329    VEHICLE HISTORY

COMMERCIAL

VEHICLE ID NUMBER    YR MODEL  MAKE    PLATE NUMBER
1FTPX12544NC37270    2004 FORD    7S73315

BODY TYPE MODEL  AX  UNLADEN WEIGHT  FUEL  TRANSFER DATE  FEES PAID  REGISTRATION EXPIRATION DATE?
PK  2  05032  G    $15  12/31/2008

YR 1ST SOLD  CLASS  YR  MO  EQUIPMT/TRUST NUMBER  ISSUE DATE
2004  FY  2005  PX    10/03/08

MOTORCYCLE ENGINE NUMBER    ODOMETER DATE 12/13/2004  ODOMETER READING 23 MI
ACTUAL MILEAGE

REGISTERED OWNER(S)
VILLARREAL STEVE

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a.  DATE  X    SIGNATURE OF REGISTERED OWNER

1b.  DATE  X    SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads ☒☒☒☒☒☒ (no tenths) miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked.

WARNING  ☐ Odometer reading is not the actual mileage  ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE  TRANSFEROR/SELLER SIGNATURE(S)  X    DATE  TRANSFEREE/BUYER SIGNATURE(S)  X

PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY    PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

*IMPORTANT READ CAREFULLY*
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)
WELLS FARGO FNCL
PO BX 250
ESSINGTON
PA 19029

2  X
Signature releases interest in vehicle (Company names must be countersigned)
Release Date

CA113873612

019231

KEEP IN A SAFE PLACE - VOID IF ALTERED