DONNA ECHIVERRI-BECKHAM, Esq. (157088)
6836 Mission Street
Daly City, CA 94014-2033
(650) 756-7777
Counsel for Debtors
ROCHELLE EBALO RIVERA

United States Bankruptcy Court
Northern District of California

ROCHELLE EBALO RIVERA, )  Case No.: 10-32195
           Debtor )  Hearing Date: September 8, 2010
                    )     Hearing Time: 10:30 a.m.
_____)  Hearing Site: 235 Pine Street, 19th Floor
                                     San Francisco, CA 94104

**SECOND AMENDED NOTICE OF MOTION TO DETERMINE VALUE OF CLAIM
SECURED BY LIEN ON REAL PROPERTY AND
FOR ORDER AVOIDING LIEN and AMENDED
MOTION FOR ORDER AVOIDING LIEN**
(Chase/Wamu - 'junior' lien)

**TO: THE HONORABLE THOMAS E. CARLSON, UNITED STATES BANKRUPTCY JUDGE, and to CHASE/WAMU :**

Please take notice that, on the **8th day of September 2010** at the hour of 10:30 a.m., or as soon thereafter as the matter may be heard before the United States Bankruptcy Court located at 235 Pine Street, 19th Floor, San Francisco, California, Debtors will and do hereby move for an Order to Avoid the lien of the Chase/Wamu bank. Said motion is based upon this notice, the Motion filed and served herewith, and the records and documents on file with the Court Clerk. The Debtor hereby moves pursuant to FRBP

Rule 3012 and 11 USC §506 for an order determining the extent of the value of the purported secured claim of the Chase/Wamu bank (hereinafter "Chase/Wamu"), and for an order pursuant to 11 USC §1322 avoiding the lien supposedly held by Chase/Wamu. The motion respectfully represents::

  PLEASE TAKE NOTICE THAT PURSUANT TO BANKRUPTCY LOCAL RULE 9014-1 OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, ANY OBJECTION TO THE RELIEF REQUESTED HEREUNDER, OR ANY REQUEST FOR A HEARING HEREON, MUST BE FILED AND SERVED ON DEBTOR AND HER ATTORNEYS OF RECORD HEREIN WITHIN TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF.

  PLEASE TAKE FURTHER NOTICE THAT PURSUANT TO BANKRUPTCY LOCAL RULE 9014-1 (B) (3) (iv) (a) OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, IF A TIMELY OBJECTION HERETO OR A TIMELY REQUEST FOR A HEARING HEREON IS MADE, IT SHALL BE THE RESPONSIBILITY OF DEBTOR AND/OR HER ATTORNEY OF RECORD HEREIN TO GIVE AT LEAST TEN (10) DAYS' WRITTEN NOTICE TO THE OBJECTING OR REQUESTING PARTY AND ANY TRUSTEE OR COMMITTEE APPOINTED HEREUNDER.

  PLEASE TAKE FURTHER NOTICE THAT PURSUANT TO BANKRUPTCY LOCAL RULE 9014-1 OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THAT ANY OBJECTION HERETO OR REQUEST FOR A HEARING HEREON MUST BE ACCOMPANIED BY ANY DECLARATION OR MEMORANDA OF LAW THE OBJECTION OR REQUESTING PARTY WISHES TO PRESENT IN SUPPORT OF ITS POSITION.

PLEASE TAKE FURTHER NOTICE THAT PURSUANT TO BANKRUPTCY LOCAL RULE 9014-1 (B) (3) (iii) OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THAT IF NO TIMELY OBJECTION HERETO IS RAISED OR IF NO TIMELY REQUEST FOR A HEARING HEREON IS MADE, THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT HEREUNDER BY DEFAULT.

**Relief Requested**

A determination that the claim of the Chase/Wamu be disallowed as a secured claim, and for an order avoiding the junior "Trustee" lien.

**The Motion**

1. Debtor Rochelle Ebalo Rivera commenced this case on June 14, 2010 filing the above-numbered voluntary petition for relief under Chapter 13 of Title 11, United States Code. David Burchard is the duly appointed and acting Trustee for the bankruptcy estate.

2. This motion is filed pursuant to 11 U.S.C. §1322 to avoid and cancel a lien claimed by Chase/Wamu bank upon real property used as the Debtor's residence. This piece of real estate is the single-family dwelling commonly described as 616 Fathom Drive, San Mateo, California 94044.

3. The value of the single family dwelling, their residence, the debtors' estimate to be no more than $750,000.00.

4. In the year 2006, the senior lender, Chase Bank, extended credit to the debtor. The debtors granted a security interest to Chase Bank in the residence at 616 Fathom

Drive, San Mateo, California 94044, property that was properly perfected with the recording of a Deed of Trust in FIRST Position against the property. The debtor is informed and believes that, on the day the petition was filed, the obligation to Chase Bank had a principal balance of $828,149.33.

5. On or about November 2006, Chase/Wamu extended credit to the debtor. The debtor granted a security interest to Chase/Wamu in the residence , property that was purportedly perfected with a Deed of Trust recorded in SECOND position, behind a loan and purported lien in favor of Chase/Wamu, as noted above. The debtor is informed and believes that, on the day the petition was filed, the obligation to such junior lender is the sum of approximately $93,561.92.

6. There is a lack of equity in the residence at 616 Fathom Drive, San Mateo, California 94044 in that the balance due to Chase/Wamu exceeds the value of the residence. Thus the Chase/Wamu deed of trust is entirely unsecured and there is no equity to support said lien.

7. The claim of Chase/Wamu is predicated on such deed of trust, is wholly unsecured, and is accordingly not protected by the anti-modification clause of 11 U.S.C. §1322. Lender Chase/Wamu's junior lien claim should therefore be valued pursuant to 11 U.S.C. §506 and Bankruptcy Rule 3012 at zero dollars ($0) and, after such valuation, voided, canceled, extinguished and formally stripped off debtor's residence so that it no longer remains a recorded lien or encumbrance on the residence. The claim of Chase/Wamu on its junior (second) deed of trust should be paid only as a general unsecured claim in Debtor's Chapter 13 Plan and should not be paid as a secured claim for any amount whatsoever. In re Zimmer (9th Cir 2002) 313 F2d 1220, 1222-1225.

8. The 9th Circuit rule in In re Zimmer allowing such wholly unsecured junior lien claim to be stripped off the residence is in harmony with all of the other Circuit decisions which have considered the issues. See In re Lane (6th Cir 20002) 280 F3d 663, 6670667; In re McDonald (3rd Cir 2000) 205 F3d 606, 615; In re Tanner (11th Cir 2000) 217 F3d 1357; In re Mann (BAP 1st Cir 2000) 249 BR 831; In re Bartee (5th Cir 2000) 212 F3d 277.

9. Bankruptcy Rule 3012 provided that the "valuation of security" may be done by noticed motion rather than adversary proceeding and accordingly, the within motion to determine the value of lender's secured claim at zero ($0) dollars in Debtor's Chapter 13 case is proper.

10. Bankruptcy Evidence Manual by Hon Barry Russell at 701:2 tells us:

"Courts have generally held that an owner is competent to give her opinion on the value of her property, often by stating the conclusion without stating a reason (citations omitted). * * *

"This is apparently based upon an assumption that the owner has sufficient knowledge to either testify as a layman under Rule 701 or as an expert under rule 702. Although Rule 702 defines the qualification of an expert, and makes no special exceptions for 'owners of property', the Advisory Committee's Notes to Rule 702 adds to the confusion by stating:

"The rule is broadly phrased. The fields of knowledge which may be drawn upon are not limited merely to the 'scientific' and 'technical' but extend to all 'specialized' knowledge. Similarly, the expert is viewed, not in a narrow sense, but as a person qualified by 'knowledge, skill, experience, training or education." Thus within the scope of the rule are not only experts in the strictest sense of the word, e.g. physicians, physicists, and architects, but also the large group sometimes called 'skilled' witnesses, such as bankers or *landowners testifying to land values* (emphasis in original Russell test)."

The Fifth Circuit stated that, generally a landowner's opinion about the value of his or her land is admissible evidence, citing U.S. v. 329.73 Acres of Land, Situation in Grenada and Yalobusha Counties State of Miss. (5 Cir 1982) 666th F.2d 281, 284, in reh'g

Case: 10-32195    Doc# 23    Filed: 08/04/10    Entered: 08/04/10 15:11:19    Page 5 of 7

5

704 F.2d 800. Similarly in the 8th Circuit, the opinion testimony of a landowner as to the value of his land is admissible without further qualification U.S. v. 3,698.63 Acres of Land, More or Les, in Burleigh, Emmons and Morton Counties, State of N.D. (8th Cir 1969) 416 F.2d 65,67. U.S. v. Sowards (10th Cir 1966) 370 F.2d 87, 92. Such testimony is admitted because of the presumption of special knowledge that arises out of ownership of the land. Id at 92.

    WHEREFORE, Debtor prays that the Court determine the claim of Chase/Wamu be disallowed as a secured claim, and for an order avoiding the lien should the debtors complete this Chapter 13 proceeding and receive a discharge.

Dated: August 3, 2010                            Respectfully submitted,

                                                     /s/ Donna Echiverri-Beckham
                                                     Donna Echiverri-Beckham, Esq.
                                                     Counsel for Debtor Rochelle Ebalo Rivera

**DECLARATION OF ROCHELLE EBALO RIVERA IN SUPPORT OF MOTION
TO DETERMINE VALUE OF CLAIM SECURED BY LIEN
ON REAL PROPERTY AND FOR ORDER AVOIDING LIEN
(Chase/Wamu)**

I, ROCHELLE EBALO RIVERA, declare:

    1. I am a debtor in the above-captioned proceeding.

    2. I am over the age of 18 years and have personal knowledge of all matters set forth herein, and am competent to testify thereto if called as a witness.

    3. I am the owner of a single family dwelling, my principal residence, commonly described as 616 Fathom Drive, San Mateo, California 94044.

4. I estimate and earnestly believe that the value of my home was no more than $750,000.00 on the date my bankruptcy was filed, based upon my personal opinion and the comparable sales of homes in my area. I am of the opinion that based upon the comparable sales of homes in my area since the filing date, the current value of my residence may even be less.

5. In 2006, Chase Bank extended credit to me and I granted a security interest to it in the residence which was property perfected with the recording of the first deed of trust. I am informed and believe that on the day the petition was filed the obligation to Chase Bank had a principal balance of approximately $828,149.33.

6. On or about November 2006, subsequent to the Chase bank lien, Chase/Wamu extended a loan to me and I granted a security interest to it in the residence that it claims was properly perfected with the recording of a deed of trust in junior position as **San Mateo County Recorders number 2006-173335 recorded 16 November 2006.** I believe this mortgage is currently being serviced by Professional Recovery Services, Inc., or its successor. I am informed and believe that on the day the petition was filed the obligation to **Chase/Wamu** had a principal balance of approximately $93,561.92

7. My residence is worth less than what is currently owed to the holder of the senior first Deed of Trust. Chase/Wamu's junior deed of trust is entirely unsecured and there is no equity to support said lien.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 3, 2010

/s/ROCHELLE EBALO RIVERA
ROCHELLE EBALO RIVERA